1
2
3
4
5
6
        **IN THE UNITED STATES DISTRICT COURT**
7
          **FOR THE DISTRICT OF ARIZONA**
8
9

| | |
|---|---|
| BNSF Railway Company; Matthew Kelly McCauley; and Joel Frederick Briggs, | No. CV-05-0386-PHX-DGC |
| Plaintiffs, | |
| vs. | **CASE MANAGEMENT ORDER** |
| The Honorable Delbert W. Ray, Sr., in his capacity as the Chief and Presiding Judge of the Hualapai Tribal; Jolene Cooney, in her capacity as the Chief Court Clerk of the Hualapai Tribal Court; Jeanette Sullivan, Herbert Sullivan, Jr. and Nicole Sullivan, individually and on behalf of the heirs of decedents Jerome W. Sullivan and Aralla M. Sullivan; Nelson D. Sullivan, individually and on behalf of the heirs of decedent Ean S. Sinyella; and Augusta Sullivan and Nelson D. Sullivan, individually and on behalf of the heirs of decedent Trovell K. Sullivan, | |
| Defendants. | |

On September 21, 2005, a Case Management Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a Case Management Report. The parties disagree on the scope of discovery that should occur in this case.

The parties informed the Court that the Tribal Defendants have filed a notice of appeal regarding the Court's denial of their motion to dismiss on sovereign immunity

1   grounds.   Counsel for the Tribal Defendants stated that the tribe is willing to participate

2   in discovery during the pendency of the appeal, and will not argue at a later date that

3   discovery conducted while the appeal was pending does not apply to them or should be

4   reopened once the appeal is complete.   Therefore, to the extent the Court permits discovery

5   in this order, all parties shall participate and all parties shall be bound by the discovery in

6   accordance with the Federal Rules of Civil Procedure.

7          Plaintiff has brought an action seeking to enjoin Defendants from proceeding with

8   a lawsuit in tribal court.   The Court entered a preliminary injunction, concluding that the

9   tribal court lacked jurisdiction over the underlying tort case.   *See* Doc. # 38.   The Court's

10  decision was based on *Montana v. United States*, 450 U.S. 544 (1981).   *Montana* holds that

11  a tribe has no civil authority over non-tribal members for activities on reservation land

12  alienated to non-tribal members.   The Ninth Circuit has held that the *Montana* rule applies

13  to activities occurring on a railroad right-of-way on reservation lands.   *See Burlington*

14  *Northern Railroad Co. v. Red Wolf*, 196 F.3d 1059, 1063 (9th Cir. 1999).

15         There are two exceptions to the *Montana* rule.   The Court concluded in its

16  preliminary injunction ruling that neither was likely to apply to this case.   The first

17  exception applies when a non-tribal member has entered into a consensual relationship

18  with a tribe or its members.   *Id.* at 1064.   The second exception applies when the conduct

19  of the non-tribal member threatens or has some direct effect on the political integrity,

20  economic security, or health or welfare of the tribe.   *Montana*, 450 U.S. at 566.   The Court

21  concluded in its preliminary injunction ruling that this exception is narrow and likely will

22  not apply in this case.

23         The question to be decided today is whether Defendants should be permitted to

24  conduct discovery into facts that might bear on the application of these exceptions.

25  Plaintiff argues that no discovery is necessary – that the known facts are sufficient for the

26  Court to entertain and rule on a motion for summary judgment seeking a permanent

27  injunction.   The Sullivan Defendants, plaintiffs in the underlying tort action, contend that

28  discovery should be permitted into facts relating to the *Montana* exceptions – the

1    consensual relationship between Plaintiff and the tribe and the activities of Plaintiff which

2    might have an effect on the political integrity, economic security, or health and welfare of

3    the tribe.   The Tribal Defendants go further.   They argue that discovery should be

4    permitted not only into the jurisdictional issues, but also into all aspects of the underlying

5    tort case and the railroad accident on which it is based.   Only in the context of such full

6    discovery, the tribe argues, can the Court rule on Plaintiff's request for a permanent

7    injunction.

8         The Court concludes that some discovery should be permitted, but not to the extent

9    advocated by Defendants.   The Court will permit discovery on the following three topics.

10        First, discovery will be permitted into the nature and extent of Plaintiff's right-of-way

11   across the tribe's land.   As the Ninth Circuit's discussion in *Red Wolf* makes clear, the

12   nature of the railroad's property interest is relevant to a *Montana* analysis.   *See* 196 F.3d

13   at 1062-63.

14        Second, discovery will be permitted into the nature of the contractual relationship

15   between Plaintiff and the tribe.   This discovery may include the nature, terms, and duration

16   of any contracts or agreements between the railroad and the tribe.   Such discovery is

17   relevant to the first *Montana* exception, which considers the nature of consensual

18   relationships between the railroad and the tribe.

19        Third, discovery will be permitted into the railroad's potential influence on the

20   political integrity, economic security, and health and welfare of the tribe.   The Ninth Circuit

21   made clear in *Burlington Northern Santa Fe Railroad Corp. v. Fort Peck*, 323 F.3d 767

22   (9th Cir. 2003), that discovery into the second *Montana* exception should be permitted

23   before a district court rules on a railroad's motion for summary judgment.[1]   The Ninth

24

25        [1] As explained during the hearing on Plaintiff's preliminary injunction, the Court
26   views *Fort Peck*'s broad reading of the second *Montana* exception as inconsistent with
     the Supreme Court's and Ninth Circuit's narrow interpretation of that exception in *Strate
27   v. A-1 Contractors*, 520 U.S. 438, 459 (1997), and *Ford v. Todecheene*, 394 F.3d 1170, 1183
28   (9th Cir. 2005).  Because *Fort Peck* is directly on point – it concerns the need for discovery

- 3 -

1    Circuit also explained, however, that its ruling "does not require that the district court
2    permit wholesale discovery.  Rather, the district court may tailor limited discovery before
3    . . . entertaining a motion for summary judgment."  *Id*. at 775.  Consistent with this holding,
4    the Court will permit Defendants to conduct limited discovery into the nature of the
5    railroad's operations on tribal lands, as follows:  the number of trains and cars crossing the
6    reservation daily and yearly, the general contents of the cars, the general nature of any
7    hazardous materials contained in the cars, the frequency of accidents or pollution
8    occurring as a result of the railroad's activity on tribal lands, and similar information related
9    to the potential impact of the railroad on the tribe.

10        Consistent with the Court's discretion under *Fort Peck*, discovery on the three
11   topics outlined above will be limited as follows: Defendants may serve a total of no more
12   than 20 interrogatories including subparts and no more than 20 requests for admissions
13   including subparts.  Document production requests will be limited to 5, including subparts,
14   and may concern only the first two topics outlined above – the nature of the railroad's
15   property interest and the nature of contractual relationships between the railroad and the
16   tribe.[2]  Defendants may conduct up to three depositions under Rule 30(b)(6) of the Federal
17   Rules of Civil Procedure on the three topics permitted by this order.

18        The Court concludes that the discovery outlined above, although limited, will enable
19   it to conduct an informed *Montana* analysis and rule on the request for permanent
20
21   before summary judgment in a case like this – the Court feels bound to follow it.

22        [2] Requiring the railroad to produce documents on the third topic – the number of
23   trains and cars crossing the reservation daily and yearly, the general contents of the cars,
     the general nature of any hazardous materials contained in the cars, the frequency of
24   accidents or pollution occurring as a result of the railroad's activity on tribal lands, and
     similar information related to the potential impact of the railroad on the tribe – would
25   impose a substantial burden and a scope of discovery beyond the requirements of this
26   case.  For this reason, the Court will not permit document production requests on this
     topic.  If the Court concludes, however, that Plaintiff has not been sufficiently forthcoming
27   in its responses to interrogatories, requests for admissions, and 30(b)(6) depositions on
28   this topic, it will consider permitting Defendants to serve document production requests.

injunction.

**IT IS HEREBY ORDERED:**

1.    _Initial Disclosures_.  Because initial disclosures required by Federal Rule of Civil Procedure 26(a) are designed to facilitate full discovery in a regular civil, the Court concludes that they are not needed in this case.  The parties shall proceed directly with discovery as outlined above.

2.    _Deadline for Joining Parties and Amending Pleadings_.  The deadline for joining parties and amending pleadings is **90 days** from the date of this Order.  Motions to join parties or for leave to amend pleadings shall be filed within **30 days** of this Order so they can be heard and decided prior to the deadline.

3.    _Deadline for Completion of Fact Discovery_.  The deadline for completing fact discovery shall be **February 24, 2006**.  Notwithstanding Local Rule of Civil Procedure 7.3(c), the parties may mutually agree, without Court approval, to extend the time provided for discovery responses in the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, will not alter or extend the discovery deadlines set forth in this Order.

4.    _Discovery Disputes_.

a.    The parties shall not file written discovery motions without leave of Court.[3] If a discovery dispute arises, the parties promptly shall contact the Court to request a telephone conference concerning the dispute.  The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference.  The Court may order written briefing if it does not resolve the dispute during the telephone conference.

b.    Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j).  Any briefing ordered by the Court shall

_____

[3] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered "correspondence" with attachments.

- 5 -

1  also comply with Local Rule of Civil Procedure 7.2(j).

2      c.      Absent extraordinary circumstances, the Court will not entertain fact

3  discovery disputes after the deadline for completion of fact discovery, and will not

4  entertain expert discovery disputes after the deadline for completion of expert discovery.

5      5.      <u>Deadline for Filing Dispositive Motions</u>.

6      a.      Dispositive motions shall be filed no later than **March 31, 2006**.  Such

7  motions must comply in all respects with the Federal Rules of Civil Procedure and the Local

8  Rules.        b                                                                              .

9      No party shall file more than one motion for summary judgment under Rule 56 of the

10  Federal Rules of Civil Procedure unless permission is first obtained, by joint telephone call,

11  from the Court.

12      c.      Failure to respond to a motion within the time periods provided in Local Rule

13  of Civil Procedure 7.2 will be deemed a consent to the denial or granting of the motion and

14  the Court may dispose of the motion summarily pursuant to Local Rule of Civil Procedure

15  7.2(i).

16      d.      The parties shall not notice oral argument on any motion.  Instead, a party

17  desiring oral argument shall place the words "Oral Argument Requested" immediately

18  below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f).  The Court will

19  issue a Minute Entry Order scheduling oral argument as it deems appropriate.

20      6.      <u>Deadline for Engaging in Good Faith Settlement Talks</u>.  All parties and their

21  counsel shall meet in person and engage in good faith settlement talks no later than

22  **February 24, 2005**.  Upon completion of such settlement talks, and in no event later than

23  five working days after the deadline set forth in the preceding sentence, the parties shall

24  file with the Court a joint Report on Settlement Talks executed by or on behalf of all

25  counsel.  The Report shall inform the Court that good faith settlement talks have been held

26  and shall report on the outcome of such talks.  The parties shall indicate whether

27  assistance from the Court is needed in seeking settlement of the case.  The parties shall

28  promptly notify the Court at any time when settlement is reached during the course of this

1  litigation.

2      7.      The Deadlines Are Real.   The parties are advised that the Court intends to

3  enforce the deadlines set forth in this Order, and should plan their litigation activities

4  accordingly.

5      DATED this 5th day of October, 2005.

6

7

8

9                            David G. Campbell
                             United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28