**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BNSF Railway Company; Matthew Kelly McCauley; and Joel Frederick Briggs,<br><br>        Plaintiffs,<br><br>vs.<br><br>The Honorable Delbert W. Ray, Sr., et al.,<br>        Defendants. | No. CV-05-0386-PHX-DGC<br><br>**ORDER** |

Defendants The Honorable Delbert W. Ray, Sr. and Jolene Cooney ("Tribal Defendants") ask the Court to modify the existing preliminary injunction to permit them to seek dismissal of the underlying lawsuit in Tribal Court. Doc. #107. During a telephone conference with the parties on June 7, 2006, the Court requested briefing. The Court has now reviewed memoranda filed by the parties. Docs. ##107, 112, 113.

**A.     Background.**

The Sullivan Defendants filed suit against Plaintiff BNSF Railway Company ("BNSF") in Hualapai Tribal Court, 2004-CV-150 (the "Sullivan Lawsuit"), asserting claims stemming from a December 21, 2003 accident at U.S. DOT Crossing #025225B involving BNSF. BNSF subsequently filed a complaint in this Court seeking to permanently enjoin the Sullivans and the Tribal Court from pursuing the Sullivan Lawsuit, arguing that the Tribal Court does not have jurisdiction over the claims (Doc. #1). BNSF requested a temporary

1 restraining order, which was granted on February 8, 2005, and a preliminary injunction, 2 which was granted on March 10, 2005. Doc. #38. The preliminary injunction directs the 3 Tribal Court and Sullivan Defendants to halt all prosecution of the Sullivan Lawsuit. *Id.*

4 For reasons stated in detail on the record at a March 3, 2005, hearing, the Court 5 concluded that the Tribal Court most likely does not have jurisdiction in the Sullivan Lawsuit 6 under *Montana v. United States*, 450 U.S. 544 (1981), because neither of *Montana*'s 7 exceptions applies. *Id.* at 565-66. The Court found that the first *Montana* exception most 8 likely does not apply because the parties have not entered into the kind of consensual 9 relationship required by that exception. *See Ford Motor Co. v. Todecheene*, 394 F.3d 1170, 10 1180 (9th Cir. 2005) ("consensual relation cases . . . 'involve[] either direct regulation by a 11 tribe of non-Indian activity on the reservation or lawsuits between a private party and the 12 tribe or tribal members arising from an on-reservation transaction or agreement'") (quoting 13 *County of Lewis v. Allen*, 163 F.3d 509, 515 (9th Cir. 1998)). The Court found that the 14 second exception most likely does not apply because the underlying tort in this case, although 15 clearly tragic, does implicate the "political integrity, the economic security, or the health or 16 welfare of the tribe" as contemplated by the narrowly-construed second exception. *See* 17 *Todecheene*, 394 F.3d at 1181 ("Despite its seemingly broad sweep . . . the self-government 18 exception is rather narrow") (citing *Strate v. A-1 Contractors*, 520 U.S. 438, 459 (1997) 19 ("Read in isolation, the *Montana* rule's second exception can be misperceived . . . . [A] 20 tribe's inherent power does not reach beyond what is necessary to protect tribal 21 self-government or to control internal relations")); *see also Burlington Northern R.R. v. Red* 22 *Wolf*, 196 F.3d 1059, 1065 (9th Cir. 1999) (holding that the deaths of two tribal members 23 from a train collision did not threaten the political integrity of the tribe or implicate the 24 second *Montana* exception).

25 The Tribal Defendants opposed this ruling. They argued that the Tribal Court has full 26 jurisdiction to adjudicate the Sullivan Lawsuit. Following entry of the preliminary 27 injunction, the Tribal Defendants sought broad discovery to support their claim that Tribal 28 Court jurisdiction extends to the lawsuit. The Court denied their broad discovery requests,

1 noting that relevant Ninth Circuit law permits only limited discovery in such cases.
2 Doc. #69.

3 The Tribal Defendants now seek to have the Sullivan Lawsuit dismissed from Tribal
4 Court on jurisdictional grounds. Their memorandum fails to explain the precise jurisdictional
5 basis for such a dismissal, but documents submitted with their memorandum suggest that the
6 Tribal Defendants seek to have the Sullivan Lawsuit dismissed so that this Court will not
7 reach a final decision on the permanent injunction request by BNSF. Doc. #108, Ex. A.

8 **B.     Discussion.**

9 The Court concludes that the preliminary injunction should not be modified. This
10 decision is based on three considerations.

11 First, the Court has already preliminarily concluded that the Tribal Court may not
12 exercise jurisdiction over the Sullivan Lawsuit under the *Montana* doctrine. The appropriate
13 course for a federal court to follow in such a case is to enjoin all further proceedings in the
14 Tribal Court. The Court has done so in the preliminary injunction, and will consider whether
15 that injunction should be made permanent after further briefing.

16 Second, modifying the preliminary injunction would risk improper entanglement by
17 this Court in Tribal Court proceedings. The Sullivan Defendants, fearing that a dismissal of
18 their action in Tribal Court would prejudice their right to proceed in other jurisdictions, ask
19 the Court to exercise close control over the Tribal Court proceedings. Doc. #112. They ask
20 the Court to review and approve any Tribal Court order, to require that the Tribal Court
21 permit an appeal, and to make clear that the Tribal Court may only enter a dismissal "without
22 prejudice." *Id.* BNSF similarly asks the Court to modify the preliminary injunction only to
23 permit the filing of a specific kind of motion in Tribal Court, and to require that the Tribal
24 Court proceed on an expedited basis. Doc. #113.

25 Such close control of Tribal Court proceedings by this Court would be entirely
26 inappropriate. The Tribe is a sovereign entity, and its courts are separate and distinct judicial
27 bodies. Other than the jurisdictional requirements found in federal cases such as *Montana*,
28 this Court has no supervisory authority over the Tribal Court. Were the preliminary

injunction to be modified to permit the Tribal Defendants to file the motion they seek, it is entirely possible that the Sullivan Defendants or BNSF would return to this Court if they felt that proceedings in the Tribal Court were inconsistent with the modification or otherwise disadvantageous. They might ask this Court to control what is happening in Tribal Court or to rescind the modification of the preliminary injunction in the midst of the Tribal Court's consideration of the Tribal Defendants' motion. Such entanglement in the Tribal Court are inconsistent with the deference due such courts and with the narrow issue presented by this case. The Court will not make a modification that invites such entanglement.

Third, it appears that the Tribal Defendants seek to have the preliminary injunction modified for the purpose of dismissing the Sullivan Lawsuit so that this Court will not reach the merits of the permanent injunction. Having previously asserted that the Tribal Court has full jurisdiction over the Sullivan Lawsuit, the Tribal Defendants now argue that the Tribal Court should dismiss the lawsuit for lack of jurisdiction. Such a change in position does not provide a sound basis on which to modify the preliminary injunction entered under the *Montana* doctrine.[1]

---

[1] The Court notes apparent concern by the Tribe that the undersigned judge is unfavorably disposed to the Tribe and determined to limit its power. Doc. #108, Ex. A. The Court notes that the preliminary injunction and temporary restraining order have nothing to do with this Court's view of the Tribe. Those rulings were based solely upon an application of federal law as established by the Supreme Court of the United States and the Ninth Circuit in cases such as *Montana*, 450 U.S. 544, and *Red Wolf*, 196 F.3d 1059. That law, under the Court's preliminary analysis, prohibits a Tribe from exercising jurisdiction over a non-tribal member in a case such as the Sullivan Lawsuit. Likewise, the Court has limited the Tribal Defendants' access to discovery in this case not because of any unfavorable view of the Tribe, but because Ninth Circuit law provides that such discovery may be limited. *See Burlington Northern Santa Fe Railroad Corp. v. Fort Peck*, 323 F.3d 767, 775 (9th Cir. 2003) (consideration of an injunction motion under *Montana* "does not require that the district court permit wholesale discovery. Rather, the district court may tailor limited discovery before . . . entertaining a motion for summary judgment."). Finally, the Court notes that the issue to be decided in this case is narrow – whether the Tribal Court may exercise jurisdiction over the Sullivan Lawsuit under the *Montana* doctrine. The Court has no intention of making broad pronouncements about Tribal authority or the Tribe's ability to control BNSF in settings other than the Sullivan Lawsuit.

**IT IS ORDERED** that the Tribal Defendants' request for a modification of the preliminary injunction (Doc. #107) is **denied**. Briefing on BNSF's summary judgment motion shall proceed under the existing schedule.

DATED this 27th day of June, 2006.

_____
David G. Campbell
United States District Judge