**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BNSF Railway Company; Matthew Kelly McCauley; and Joel Frederick Briggs,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>The Honorable Delbert W. Ray, Sr., et al.,<br>　　　　　Defendants. | No. CV-05-0386-PHX-DGC<br><br>**ORDER** |

　　　　Defendants The Honorable Delbert W. Ray, Sr. and Jolene Cooney ("the Tribal Defendants") have filed a motion to stay all proceedings in this Court during their appeal of the Court's refusal to modify the preliminary injunction. Dkt. #126. For the following reasons, the Court will deny Defendants' motion.

**I.　　Background.**

　　　　The Sullivan Defendants filed a wrongful death action against BNSF Railway Company in Hualapai Tribal Court for damages stemming from a 2003 accident at a railroad crossing on tribal lands (hereinafter "the Sullivan Lawsuit"). BNSF subsequently filed a complaint in this Court seeking a permanent injunction to prevent the Sullivans and the Tribal Defendants from proceeding with the Sullivan Lawsuit. Dkt. #1. BNSF argues that the Tribal Court lacks jurisdiction over BNSF under *Montana v. United States*, 450 U.S. 544 (1981).

1     On February 10, 2005, the Court granted Plaintiff's request for a temporary restraining order, halting any proceedings in the Sullivan Lawsuit. Dkt. #15. On March 10, 2005, the Court granted Plaintiff's motion for a preliminary injunction. Dkt. #38. On July 11, 2005, the Ninth Circuit affirmed the preliminary injunction. Dkt. #65.

    On June 16, 2006, the Tribal Defendants filed a motion for modification of the preliminary injunction, seeking permission to dismiss the Sullivan Lawsuit on grounds of "non-justiciability." Dkt. #107. The Court issued an order denying such modification on June 27, 2006. The Tribal Defendants filed a motion for reconsideration which the Court denied on July 10, 2005. Dkt. #121. The Court held that the necessities of public interest, the needs of the parties, and the equities arising from new facts did not warrant modification of the preliminary injunction. Moreover, the only new consideration the Tribal Defendants raised was their willingness to have the Court supervise the Tribal Court's dismissal of the Sullivan Lawsuit, an invitation that, in the Court's view, would have resulted in impermissible entanglement in the proceedings of a separate, sovereign court. *Id*. The Tribal Defendants have now appealed the Court's denial of their motion to reconsider and seek a stay of all proceedings pending the Ninth Circuit's decision. Dkts. #124, 126.

    All discovery in this case has been completed. BNSF has filed a motion for summary judgment asking the Court to enter a permanent injunction against further proceedings in the Sullivan Lawsuit. Dkt. #96. BNSF's motion has been fully briefed. The Tribal Defendants have filed a memorandum in response to the motion that does not oppose granting of the motion and entry of a permanent injunction, but instead seeks to limit the factual and legal issues addressed in any ruling on the motion. Dkt. #122. No party has suggested that a trial is required in this case; all seem to agree that the case will be concluded when the Court rules on the BNSF motion. Thus, after 19 months of hard-fought litigation, the only action remaining is for the Court to rule on the motion for summary judgment. This is the action the Tribal Defendants seek to stay.

    At the same time, the Sullivans have sued BNSF in Arizona state court. BNSF removed that action to this court, but Judge Silver recently remanded the case to state court.

If this Court grants a permanent injunction against further proceedings in Tribal Court, the Sullivans will proceed with their state court action. If this Court denies the injunction, the Tribal Defendants presumably will seek to dismiss the Sullivan Lawsuit on justiciability grounds and the Sullivans will proceed in state court. Either way, this Court's ruling on the summary judgement motion will open the way for the Sullivans finally to prosecute their 2003 wrongful death claim against BNSF in state court.

**II. Discussion.**

The Tribal Defendants assert that their interlocutory appeal has divested this Court of authority to proceed. Dkt. #126. This argument is not correct. *See Railway Labor Executives' Assoc. v. City of Galveston*, 898 F.2d 481 (5th Cir. 1990) (pendency of interlocutory appeal from district court's preliminary injunction ruling does not divest the district court of jurisdiction to proceed with other aspects of the case); WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3921.2. Thus, the mere fact that the Tribal Defendants have filed an interlocutory appeal does not require this Court to stay consideration of the motion for summary judgment.

"The standard for evaluating stays pending appeal is similar to that employed . . . in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). To obtain a stay of proceedings, the Tribal Defendants "must demonstrate either (a) probable success on the merits combined with the possibility of irreparable injury or (b) that [they have] raised serious questions going to the merits, and that the balance of hardships tips sharply in [their] favor." *Bernhardt v. Los Angeles*, 339 F.3d 920, 925 (9th Cir. 2003). The Court will address these considerations.

**A.     Probable Success on the Merits.**

The Tribal Defendants have not shown a probability of success on the merits. For the reasons given in the Court's orders of June 27 and July 10, 2006, the Tribal Defendants have not demonstrated that they are entitled to modification of the preliminary injunction. Dkt. ##115, 121.

/ / /

**B.    Irreparable Injury.**

The Tribal Defendants argue that they will suffer irreparable injury if the Court proceeds to consider BNSF's summary judgment motion and grants a permanent injunction. This argument primarily is based on their claim that a permanent injunction will infringe their sovereign immunity. But the Court has already ruled that this action does not implicate the Tribal Defendants' sovereign immunity. Dkt. #59.

Moreover, the Tribal Defendants' current argument seems contrary to their actions in this case. As noted, the Court previously ruled that this action did not implicate their sovereign immunity. Dkt #59. The Tribal Defendants appealed this decision more than one year ago, but apparently have never prosecuted that appeal. Dkt. #62. In addition, although the Tribal Defendants now assert that they should be free to dismiss the Sullivan Lawsuit, they originally argued, vigorously, that they should be permitted to proceed with that lawsuit in Tribal Court. The Tribal Defendants also participated fully in the discovery in this case, urging the Court to grant broad discovery against BNSF, and did so after having filed their non-prosecuted appeal on sovereign immunity. Dkt. ##82, 93, 95. These actions seem inconsistent with their current assertion that proceeding with this case will cause them irreparable harm.

To the extent the Tribal Defendants argue that irreparable injury will result from their inability to dismiss the Sullivan Lawsuit on justiciability grounds, the Court again notes that this is a relatively recent change of position. The Tribal Defendants originally expressed no desire to dismiss the Sullivan Lawsuit, but instead argued vigorously at the temporary restraining order and preliminary injunction stages that they should be permitted to litigate the lawsuit. While parties certainly may change positions in litigation, the fact that the Tribal Defendants previously made no effort to dismiss the Sullivan Lawsuit undercuts their current claim that they will suffer irreparable injury if they are not permitted to do so.

**C.    Balance of Hardships.**

Even if the Court were to conclude that the Tribal Defendants have raised serious questions going to the merits of their appeal, it could not conclude that the balance of

hardships tips sharply in their favor. If this case is stayed pending resolution of the appeal, BNSF and the Sullivan Defendants will be further delayed in their ability to move forward with the Sullivans' claims in state court. Prosecution of the Sullivans' case has been delayed by this action for more than 19 months. Witness memories likely are fading and evidence growing stale. At least some of the delay in resolving this case has been due to the Tribal Defendants' opposition to the initial injunctive orders, the filing of their motion to dismiss, their broad discovery requests, their motion to modify the preliminary injunction, their motion to reconsider, and now their appeal. What is more, after all of these actions the Tribal Defendants have asserted no substantive objection to BNSF's motion for summary judgment. Dkt. #122. Staying the Court's consideration of that motion will further delay, perhaps for months, the ability of BNSF and the Sullivans to resolve the underlying claims, a substantial hardship for both parties.

Contrasted against this hardship is the Tribal Defendants' claim that entry of a permanent injunction will impinge their sovereign immunity, a claim, as noted above, that is undercut by their actions in this case. Balancing the hardship to be suffered by BNSF and the Sullivans against those to be suffered by the Tribal Defendants, the Court cannot conclude that the balance tips sharply in favor of the Tribal Defendants.

Because the Tribal Defendants have not demonstrated either (a) probable success on the merits combined with the possibility of irreparable injury, or (b) that they have raised serious questions going to the merits and that the balance of hardships tips sharply in their favor, their request for a stay will be denied. *Bernhardt*, 339 F.3d at 925.

**IT IS ORDERED** that the Tribal Defendants' motion to stay all proceedings (Dkt. #126) is **denied**.

DATED this 28th day of September, 2006.

_____
David G. Campbell
United States District Judge