**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BNSF Railway Company; Matthew Kelly McCauley; Joel Frederick Briggs,<br><br>Plaintiffs,<br><br>vs.<br><br>The Honorable Chief Judge Joseph Flies Away, in his capacity as Chief Judge of the Hualapai Tribal Court, et al.,<br><br>Defendants. | No. 05-0386-PHX-DGC<br><br>**ORDER** |

Defendants and Appellants The Honorable Joseph Flies Away, et al., have certified that transcripts of proceedings in this Court are unnecessary on appeal and that Appellants should not have to pay for the transcripts. Dkt. #166 at 1. Appellees BNSF Railway Company, et al., have filed a response in opposition. Dkt. #167. For the reasons set forth below, the Court will order Appellants to pay for all the requested transcripts.

**I.      Discussion.**

Pursuant to Ninth Circuit Rule 10-3.1(a)-(b), when an appellant serves on appellee a statement indicating that appellant does not intend to order any transcripts, the appellee may respond with a list of transcripts it deems necessary on appeal. If the appellant disagrees with appellee, the appellant shall "certify to the district court . . . that portions listed by appellee

1   . . . are unnecessary." 9th Cir. R. 10-3.1(d). "The district court shall determine which party
2   shall pay for which portions of the transcript." 9th Cir. R. 10-3.1(f).

3       Appellants have certified that the six transcripts requested by Appellee are
4   unnecessary to the appeal. The Court will address each transcript in turn.

5   **A.     02/03/05 Hearing on Temporary Restraining Order.**

6       Appellants claim that while they disagree with the Court's grant of a temporary
7   restraining order, they are not appealing this order but are instead appealing, among other
8   things, the Court's grant of preliminary and permanent injunctions in favor of Appellees.
9   Dkt. #166 at 1-2. Appellees respond that the transcript is necessary because many of the
10  same arguments asserted in support of the preliminary and permanent injunctions were first
11  considered by the Court in the hearing on the temporary restraining order. The Court agrees
12  with Appellees that this transcript may not be deemed unnecessary to appeal on this basis.

13      Appellants next argue that the transcript is not relevant on appeal because it does not
14  contain findings of fact, but merely consists of legal arguments resolved by the Court in
15  various orders. Dkt. #166 at 2. Appellants cite no authority for their position that transcripts
16  relevant to an appeal must contain witness testimony or findings of fact. Dkt. #167 at 5. The
17  Court finds that legal arguments made by counsel and resolved by the Court at this hearing
18  are relevant on appeal. A party may decide to use the transcript to underscore or further
19  explain its positions throughout this litigation. The transcript is also relevant to set forth
20  specific arguments made by counsel on which the Court relied in making its decisions.

21      Finally, Appellants argue that the transcript is unnecessary because it "has already
22  been served on the Appellee in a prior, related appeal arising out of the same case." Dkt.
23  #166 at 2. Appellees first dispute that the transcript was provided to them, but assert that
24  even if it were, Appellants still must produce the transcript. This position is correct. The
25  Court has rejected similar arguments that a transcript should not be provided because it has
26  been provided in the past. *See Hudock v. Aventis Pharmaceuticals, Inc.*, No. CV-02-583-
27  PHX-DGC, 2006 WL 1127373, at *1 (D. Ariz. April 26, 2006). Appellants cite no authority
28  to support the position that otherwise necessary transcripts should not be provided to a party

1  that received them in the past. Even assuming Appellees did receive the transcript, which
2  is disputed, they are under no obligation to retain records from a different appeal. Appellees
3  should not be penalized because Appellants decided to file a second appeal arising out of the
4  same case. Pursuant to Rule 10-3.1(f), the Court therefore finds that Appellants must pay for
5  this transcript.

**B.   03/03/05 Hearing on Preliminary Injunction.**

Appellants argue that this transcript is unnecessary because it does not contain findings of fact and has already been provided to Appellees. For the reasons set forth above, the Court rejects these arguments and finds that Appellants must pay for this transcript.[1]

**C.   09/21/05 Scheduling Conference.**

As Appellants explain, this hearing "resulted in a Case Management Order (Dkt. #69) authorizing discovery and establishing certain deadlines." One of the issues on appeal is whether the "District Court erred in not permitting discovery and developing a complete factual record before determining whether tribal jurisdiction exists in this case." Dkt. #159 at 2. The Court therefore finds the transcript relevant on appeal, and orders Appellants to pay for this transcript.

**D.   05/19/06 Status Conference.**

The parties are uncertain of the content of this status conference. Appellants describe the hearing as merely one in which "the parties contemplated a stipulation for an extension of time for Appellant to file a response to Appellee's summary judgment motion." Dkt. #166 at 3. The Court has reviewed the transcript of this hearing and finds it relevant on appeal. During the call, the parties asked the Court to rule on whether the preliminary injunction, which stayed all proceedings in Hualapai Tribal Court, would preclude the Tribal Court from issuing a stipulated dismissal of the case pursuant to an order from the tribe's executive

---

[1] For each requested transcript, Appellants make the same argument that the transcript is not relevant because the Court made no findings of fact and Appellants' appeal only relates to the Court's legal rulings. For reasons discussed in Part I(a), the Court will reject this argument as it relates to each requested transcript.

1 branch that the issue was a political question not properly decided in Tribal Court. The Court 2 questioned the parties on the time necessary for the issuance of such an order and the length 3 of the appeals process in Tribal Court. At the end of the hearing, the Court indicated that it 4 might be inclined to modify the preliminary injunction to allow the Tribal Court to dismiss 5 the case provided the parties could stipulate that such a process would be swifter in resolving 6 the case than the ongoing proceedings in federal court. The Court stated that it would extend 7 the time for filing a response to the motion for summary judgment if the parties agreed on 8 a procedure to resolve the case quickly in Tribal Court.

9 There is discussion in the transcript of Appellants' basis for wanting a modification 10 of the preliminary injunction, which the Court ultimately declined to modify. Dkt. #115. 11 One of the issues on appeal is whether the "District Court erred in denying the Defendants' 12 Motion for Reconsideration of its Order Denying Modification of Preliminary Injunction." 13 Dkt. #159. The Court finds this transcript relevant to appeal and orders Appellants to pay 14 for it.

15 **E.     06/07/06 Conference Call.**

16 As Appellants correctly state, this hearing resulted in an order denying modification 17 of the preliminary injunction. Dkt. #115. One of the issues on appeal is whether the 18 "District Court erred in denying the Defendants' Motion for Reconsideration of its Order 19 Denying Modification of Preliminary Injunction." Dkt. #159. Another issue on appeal is 20 whether the Court properly granted the preliminary injunction in the first place. *Id*. The 21 Court finds the transcript of this hearing relevant on appeal and orders Appellant to pay for 22 this transcript.

23 **F.     09/29/06 Conference Call.**

24 Appellants argue this transcript is unnecessary because the Court only clarified its 25 preliminary injunction order by explaining that the order did not prevent the Sullivan 26 Defendants from proceeding in state court. Appellants claim this clarification is not relevant 27 because "[t]he matter on appeal does not require review of the preliminary injunction as it 28 might apply to the Sullivan defendants[.]" Dkt. #166 at 4. Appellees respond that this

- 4 -

1  clarification of the preliminary injunction is relevant insofar as Appellants challenge the
2  validity of the preliminary injunction on appeal. Dkt. #167 at 7. The Court agrees. A
3  relevant issue on appeal will be whether the scope of the preliminary injunction was proper.
4  The Court cannot say that a hearing on the scope of the preliminary injunction would be
5  irrelevant simply because the clarification related to the non-Tribal Defendants. The Court
6  orders Appellants to pay for this transcript.

7  **IT IS ORDERED:**

8  Plaintiff shall make payment arrangements with the court reporter regarding the
9  transcripts designated by Defendant (Dkt. #167, Ex. 2) by **April 9, 2007**.

10  DATED this 26th day of March, 2007.

David G. Campbell
United States District Judge